**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RENE ODIR RODRIGUEZ** | * | |
| | * | |
| **Petitioner,** | * | **CIVIL NO. PJM-06-3035** |
| | * | **CRIMINAL NO. PJM-05-344** |
| **v.** | * | |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Respondent.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Pro se petitioner Rene Odir Rodriguez has filed a Motion to Vacate, Set Aside, or Otherwise Correct Sentence pursuant to 28 U.S.C. § 2255 as well as a Motion for Leave to File Affidavits in Support of the § 2255 Motion.  For the reasons set forth below, the Court DENIES the § 2255 Motion WITHOUT PREJUDICE and GRANTS the Motion for Leave to File Affidavits.

In his § 2255 motion, Rodriguez claims that his counsel was ineffective for two reasons: (1) counsel failed to file an appeal despite being requested to do so; and (2) counsel failed to object to an enhancement in the guidelines for Rodriguez's prior convictions.

On September 14, 2005, pursuant to a plea agreement, Rene Odir Rodriguez plead guilty to one count of Unauthorized Reentry of a Deported Alien in violation of 8 U.S.C. § 1326(a) and (b)(2).  In the plea agreement, Rodriguez waived his right to appeal.  Although an appropriate Rule 11 colloquy took place, Rodriguez claims that his trial counsel thereafter failed to note an appeal.

Rodriguez has stated in his affidavit that he instructed counsel to appeal and that counsel did not do so.  Presumably, in spite of the waiver of appeal provision in the plea agreement, Rodriguez could have noted an appeal to challenge the enforceability of the waiver itself.  *See United States v. Alston,* 91 F.3d 134, 1996 WL 379695 (4th Cir. 1996).  In response, the Government has

1

submitted the affidavit of Rodriguez's counsel, John Chamble, who asserts that he reviewed with Rodriguez the plea agreement and the effect of the appeal waiver and that Rodriguez never requested that an appeal be filed.

Given the conflicting sworn statements presented to the Court, the Court concludes that it would be appropriate for it to VACATE its Judgment of November 22, 2005, and RE-ENTER IT, effective May 23, 2007, so that a new period for appeal may run.  The Court notes that new counsel, Mary E. Davis, Esq., has already been lined up to represent Rodriguez in connection with his proposed appeal, given the issues that have been raised with his trial counsel.

Since the Court does not pass on the merits of Rodriguez's other ineffective assistance of counsel claim, his § 2255 motion is DENIED WITHOUT PREJUDICE.  Once his conviction becomes final, he will be entitled to renew his claims, subject to the rules governing such motions.

Accordingly, an Amended Judgment and Commitment Order will be ENTERED in this case effective May 23, 2007.  The terms and conditions of the sentence will be exactly as they were in the original Judgment, except that Rodriguez will get full credit for all time served in connection with the original sentence.

A separate Order SHALL ISSUE.


_____/s/_____
PETER J. MESSITTE
May 23, 2007                                        UNITED STATES DISTRICT JUDGE

2